# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **ASMA M. SAAD**, | Bankruptcy No. 14-39902 |
| Debtor. | Honorable Bruce W. Black |

### FIRST AND FINAL APPLICATION OF FACTORLAW FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

The Law Office of William J. Factor, Ltd. ("*FactorLaw*"), counsel for Zane Zielinski, not individually but as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of **ASMA M. SAAD** (the "*Debtor*"), hereby submits its first and final fee application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling **$5,855.00** for legal services performed by FactorLaw, and the reimbursement of expenses totaling **$20.98** during the period of July 23, 2015, through and including April 14, 2016 (the "*Application Period*"). In support of its Application, FactorLaw states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.      Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{00057268}

**BACKGROUND**

4. On February 13, 2015 (the *"Petition Date")* the Debtors filed a voluntary petition for relief under Chapter 7 of title 11, United States Code, 11 U.S.C. §§ 101, *ff. (*the *"Bankruptcy Code"),* thereby initiating the case.

5. Zane Zielinski is the duly appointed and qualified trustee for the bankruptcy estate.

6. On February 6, 2015, this Court entered an order authorizing the Trustee to retain FactorLaw as his counsel to represent him in matters concerning the avoidance of a lien the Debtor's residence commonly known as 25209 Wagon Wheel Lane, Frankfort, Illinois (the "*Real Estate*").

7. Factorlaw settled a lien asserted by Nabih H. Ayad & Associates for a substantial reduction after the filing of an adversary complaint.

**FEE APPLICATION**

8. This is FactorLaw's first and final application for compensation and reimbursement of fees and expenses incurred by FactorLaw during the Application Period.

9. To aid the Court in its review of this Application, FactorLaw has divided this Application into two parts: Part I describes the services (the "***Services***") provided by FactorLaw to the Trustee by category of services; and Part II describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I.   Services performed.**

Records of the Services provided in the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the Services rendered by the Firm, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

FactorLaw worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple

{00057268}

attorneys' involvement, or the time of one of the attorneys was voluntarily written off.

A. *Summary of Services by professional.*

The fees for Services provided by FactorLaw during the Application Period are itemized by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey K. Paulsen | Partner | $250/275 | 22.7 | $5707.50 |
| Sam Rodgers | Law Clerk | $100 | 0.5 | $50 |
| Christopher Williams | Law Clerk | $75 | 1.3 | $97.50 |
| | | **Totals:** | **23.50** | **$5,855.00** |

B. *Itemization of fees by category of Services rendered.*

**Claims.** FactorLaw professionals spent 2.0 hours at a cost of $500.00 examining issues related to the IRS' claim to the Real Estate.

A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey K. Paulsen | Partner | $250.00 | 2.0 | $500.00 |

**Complaint**. FactorLaw professionals spent 21.50 hours at a cost of $5,855.00 on the adversary complaint against Nabih H. Ayad & Associates, which was resolved via a settlement.

A breakdown of the professionals providing services in this category is as follows:

{00057268}

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---:|---:|---:|
| Jeffrey K. Paulsen | Partner | $250/275 | 20.7 | $5207.50 |
| Sam Rodgers | Law Clerk | $100 | 0.5 | $50 |
| Christopher Williams | Law Clerk | $75 | 1.3 | $97.50 |
| **Totals:** | | | **21.50** | **$5,355.00** |

## II. Expenses.

FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses sought in this Application are actual out of pocket costs advanced by FactorLaw.

FactorLaw incurred $20.98 in expenses, as follows:

| | | |
|---|---|---:|
| 4/10/15 | Postage expense for sending application to employ broker | $2.80 |
| 4/15/16 | Postage expense for motion to approve settlement | $10.23 |
| 6/8/15 | Filing fee for search and obtaining of copy of the lien granted to Nabih Ayad & Assoc. on 25209 Wagon Wheel Road | $7.95 |
| | | $20.98 |

FactorLaw has voluntarily written off all expenses related to fax charges and copy charges. In addition, FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

## III. FactorLaw's continued retention during the Application Period was proper.

No agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

Finally, FactorLaw represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague,* 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $249.15. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$5,855.00**;

B. Allowing FactorLaw reimbursement of expenses relating to the case in the amount of **$20.98**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and expenses in the total amount of **$5,875.98** and

    D.    Granting such other relief as the Court deems just and equitable.

Dated: October 7, 2016                     **THE LAW OFFICES OF**
                                                      **WILLIAM J. FACTOR, LTD.**

                                        By: */s/ Zane L. Zielinski*
                                              One of Its Attorneys

Zane L. Zielinski (6278776)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 373-7227
Fax:   (847) 574-8233

{00057268}