## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Asma M. Saad Bankruptcy Estate** | ) | No. 14 B 39902 |
| | ) | |
| 36-7683833 | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | **Hon. Bruce W. Black** |

## FIRST AND FINAL APPLICATION
## OF ALAN D. LASKO & ASSOCIATES, P.C.
## FOR ALLOWANCE OF COMPENSATION AND EXPENSES

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C. ("ADLPC"),** Certified

Public Accountants, request first and final compensation of $2,619.10 and expenses of $42.05

for the time period from July 15, 2016 through September 6, 2016. A detail is provided herein

for the Estate, which identifies by subject matter the services performed by the Applicant.

Additional detail is provided to reflect the function and individual performing said services.

Lastly, each individual's classification and hourly rate is also reflected. In addition, attached is

the Affidavit pursuant to Bankruptcy Rule 2016.


## INTRODUCTION


This Court has jurisdiction over this First and Final Fee Application pursuant to 28 U.S.C. §

1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

**GENERAL**

The Debtor filed a petition under Chapter 7 on or about November 1, 2014. A Trustee was subsequently appointed. On July 15, 2016, Alan D. Lasko & Associates, P.C. was approved by the Court as the accountants for the Trustee. Reflected in this fee petition is the Applicant's time for the preparation of the Estate's initial and final 2016 income tax returns.

**FEE APPLICATION**

The fees sought by this First and Final Fee Application reflect an aggregate of 23.5 hours of ADLPC's time spent and recorded in performing services during the First and Final Compensation Period. This fee request does not include time that might be construed as

2

duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which first and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

## BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

Cost $121.60

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.2 | $ 288.00 | $ 57.60 |
| C. Wilson, Staff | 1.0 | 64.00 | 64.00 |
|  | 1.2 |  | $ 121.60 |

## TAX PREPARATION

The Applicant incurred 22.3 hours in the preparation of the Estate's initial and final 2016 workpapers and year-end tax returns.

The work also included the following:

- Summarized Trustee's Forms 2.
- Reviewed Bankruptcy Schedules.
- Reviewed data related to basis and calculated gain/loss.
- Estimated time to prepare Estate's final information tax returns and cover letter to Trustee.

Cost $2,775.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 2.1 | $ 288.00 | $ 604.80 |
| K. Seyller, Senior | 6.1 | 160.00 | 976.00 |
| B. Luo, Staff | 1.4 | 91.00 | 127.40 |
| B. Egeberg, Staff | 12.7 | 84.00 | 1,066.80 |
|  | 22.3 |  | $ 2,775.00 |

4

The Applicant reflects hourly rates and hours worked by each person by function.  The recap also reflects the cost of each function performed.  In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| | | | |
|---|---|---|---|
| Owner | $283 | - | $288 |
| Manager/Director | 240 | - | 287 |
| Supervisors | 160 | - | 240 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its first and final fee period are as follows:

| Recap by Project | First and Final Application | | Voluntary Reduction | | Net | |
|---|---|---|---|---|---|---|
| Billing | $ | 121.60 | $ | - | $ | 121.60 |
| Tax Preparation | | 2,775.00 | | (277.50) | | 2,497.50 |
| Net Request | $ | 2,896.60 | $ | (277.50) | $ | 2,619.10 |

| Recap by Hour | Hours | Amount | | Blended Rate | |
|---|---|---|---|---|---|
| Billing | 1.2 | $ | 121.60 | $ | 101.33 |
| Tax Preparation - Net | 22.3 | | 2,497.50 | $ | 112.00 |
| | 23.5 | $ | 2,619.10 | $ | 111.45 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except

for representation of that particular client.  It is the Firm's policy to charge its client only the

amount actually incurred by the Firm in connection with such items.  Examples of such expenses

are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

|  | Tax Preparation |
|---|---|
| Postage | $ 29.65 |
| Copy Costs | 12.40 |
|  | $ 42.05 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary

and appropriate to the administration of the Chapter 7 case and was in the best interests of the

parties in interest.  Compensation for the foregoing services as requested is commensurate with

the complexity, importance, and nature of the problems, issues, or tasks involved.  ADLPC has

taken significant efforts to ensure that the professional services were performed with expedience

and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the

Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and

reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets

forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should
> consider the nature, the extent, and the value of such services, taking into account all
> relevant factors, including.
>
> (A)    the time spent on such services;

6

    (B)    the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

    (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this First and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate.    ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  As shown by this First and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort.  In addition, the work involved, and thus the time expended,

was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the First and Final compensation sought herein for the Compensation Period is warranted.

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested first and final compensation of $2,619.10 and expenses of $42.05 should be allowed for services by your Applicant for the period July 15, 2016 through September 6, 2016.

_____
Alan D. Lasko


Alan D. Lasko & Associates, P.C.
205 West Randolph Street
Suite 1150
Chicago, Illinois  60606
(312) 332-1302

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Asma M. Saad Bankruptcy Estate** | ) | **No. 14 B 39902** |
| | ) | |
| 36-7683833 | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | **Hon. Bruce W. Black** |

## AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

**STATE OF ILLINOIS)**
               )        **SS.**
**COUNTY OF COOK )**

       I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1.     I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Zane L. Zielinski, Chapter 7 Trustee in this case ("Trustee").

2.     I have read the First and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3.     Lasko has not previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

FURTHER AFFIANT SAYETH NOT.

                                                    _____
                                            Alan D. Lasko

Subscribed and Sworn to before me
this 7th day of September, 2016.

_____
Notary Public

```
OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/10/20
```

**EXHIBIT A**

**ORDER OF EMPLOYMENT**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   14-39902 |
| | ) | |
| ASMA M. SAAD, | ) | Chapter: 7 |
| | ) | Honorable Bruce W. Black |
| | ) | |
| | ) | Joliet |
| Debtor(s) | ) | |

## ORDER AUTHORIZING THE EMPLOYMENT OF TRUSTEE'S ACCOUNTANT

This matter coming to be heard on the motion (the "Motion") of Zane L. Zielinski (the "Trustee"), not individually but as the chapter 7 trustee for ASMA M. SAAD seeking an order authorizing the employment of Alan D. Lasko and the firm of Alan D. Lasko & Associates, P.C. (collectively "Lasko") as his accountant; electronic notice of this Motion having been served; the Court being fully advised in the Premises:

IT IS HEREBY ORDERED THAT:

1.  The Trustee is Authorized to Employ the Lasko;

2.  Compensation of Lasko will be subject to further order of this court.

Enter:   _Bruce W. Black_

Honorable Bruce W. Black
United States Bankruptcy Judge

Dated:  July 15, 2016

**Prepared by:**

Zane L. Zielinski (6278776)
THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.   773-877-3191
f.   815-846-8516
e.   trustee@zanezielinski.com

**EXHIBIT B**

**PERSONNEL**

The following represents a description of the primary individuals in this engagement.

## Alan D. Lasko – CPA, CIRA, CFF

Mr. Lasko has worked primarily in the bankruptcy field over the last 30 years. He brings his 40 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF). Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society. Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics. Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

## Karen Seyller, JD – Senior

Ms. Seyller has worked on various insolvency and litigation matters for two years. She has also worked on numerous Chapter 11 and 7 matters, as well as Receivership-related work and civil litigation support work. Prior to joining the Firm, Ms. Seyller had worked as a part-time intern for a tax law practice preparing income tax returns over two tax seasons. Subsequently, Ms. Seyller then had worked full time as a tax accountant for a medical care company over the last five years. Duties included the preparation of various types of tax returns of the business including but not limited to income tax returns, gross receipts returns, sales and use tax returns, as well as being involved in other general ledger duties of the company. Ms. Seyller has a

Bachelor's Degree in Accounting from Saint Xavier University.  She has completed her work at John Marshall Law School.

Bingjie (Robin) Luo – Staff

Ms. Luo is a staff accountant performing accounting and tax services.  Ms. Luo has a Bachelor of Management in Accountancy from the Southwestern University of Finance and Economics in Chengdu, China.  She also has a Master's Degree in Accounting from Loyola University in Chicago.  Ms. Luo has recently completed all four parts of the CPA examination.

Bradley Egeberg – Staff

Mr. Egeberg is an intern staff accountant performing accounting and tax services.  Mr. Egeberg has recently completed his Bachelor's Degree in Accounting from DePaul University.  Mr. Egeberg is working towards his Master's Degree in Accounting also from DePaul University.

**EXHIBIT C**

**STAFF LEVELS**

## STAFF LEVEL – SUPERVISORS, SENIORS AND ASSISTANTS

SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level.  Supervisors have administrative and overview responsibility on a broader level than senior accountants   Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level.  Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court.  In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

ASSISTANTS

Staff assistants usually execute basic assignments or tasks.   In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

**EXHIBIT D**

**ACTUAL TIME FROM TIME SLIPS**

**EXHIBIT D-1**

**TAX PREPARATION**

9/6/2016
2 51 PM

Pre-bill Worksheet

Page    1

---

## Selection Criteria

| Clie Selection | Include  Saad 002, Saad 012 |
|---|---|

---

| | |
|---|---|
| Nickname | Saad 002 \| 5022 |
| Full Name | Bankruptcy Estate of Asma M  Saad |
| Address | c/o Zane L  Zielinski, Trustee |
| | 6336 N  Cicero Avenue |
| | Suite 201 |
| | Chicago IL 60646 |
| Phone | Fax |
| Home | Other |
| In Ref To | |
| | tax preparati |
| Fees Arrg | By billing value on each slip |
| Expense Arrg | By billing value on each slip |
| Tax Profile | Exempt |
| Last bill | |
| Last charge | 9/3/2016 |
| Last payment | Amount    $0 00 |

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 8/8/2016 147490 | A  Lasko 800 | 288 00 | 0 30 | 86 40 | Billable |

review of data received to date and prepared information request to trustee for tax preparation

| | | | | | |
|---|---|---|---|---|---|
| 8/10/2016 147569 | A  Lasko 800 | 288 00 | 0 40 | 115 20 | Billable |

review of data received to date and prepared for staff work to do re, tax preparation

| | | | | | |
|---|---|---|---|---|---|
| 8/15/2016 147636 | K  Seyller 800 | 160 00 | 0 40 | 64 00 | Billable |

Met with staff regarding tax questions for 2016 final tax return

| | | | | | |
|---|---|---|---|---|---|
| 8/15/2016 147647 | B  Egeberg 800 | 84 00 | 4 10 | 344 40 | Billable |

Prepared work papers for 2016 estate tax return

| | | | | | |
|---|---|---|---|---|---|
| 8/15/2016 147654 | K  Seyller 800 | 160 00 | 1 10 | 176 00 | Billable |

Prepared 2016 final tax return work papers with staff

9/6/2016
2 51 PM

Pre-bill Worksheet

Page    2

Saad 002 Bankruptcy Estate of Asma M  Saad (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-----------------|--------------:|---------------:|---------------:|-------|
| 8/17/2016 147686 | K  Seyller 800 | 160 00 | 1 40 | 224 00 | Billable |
| | Prepared 2016 federal and Illinois tax returns based on work papers with s *Taff* | | | | |
| 8/17/2016 147696 | B  Egeberg 800 | 84 00 | 5 90 | 495 60 | Billable |
| | Prepared work papers and tax return for 2016 bankruptcy retur,J | | | | |
| 8/17/2016 147700 | K  Seyller 800 | 160 00 | 0 90 | 144 00 | Billable |
| | Prepared manual federal and state of Illinois 2016 final tax returns with staF | | | | |
| 8/23/2016 147830 | B  Egeberg 800 | 84 00 | 0 80 | 67 20 | Billable |
| | Prepared 2016 tax return for bankruptcy estatr_ | | | | |
| 8/23/2016 147844 | K  Seyller 800 | 160 00 | 1 60 | 256 00 | Billable |
| | Reviewed 2016 work papers and final tax retu⋏ | | | | |
| 8/24/2016 147859 | B  Egeberg 800 | 84 00 | 1 90 | 159 60 | Billable |
| | Prepared 2016 year end bankruptcy estate tax ret⌁) | | | | |
| 8/26/2016 147880 | A  Lasko 800 | 288 00 | 0 60 | 172 80 | Billable |
| | tax review of work papers and tax returns  fin⌁ | | | | |
| 8/26/2016 147928 | K  Seyller 800 | 160 00 | 0 40 | 64 00 | Billable |
| | Reviewed updated 2016 tax retur⋏ | | | | |
| 8/29/2016 147938 | A  Lasko 800 | 288 00 | 0 30 | 86 40 | Billable |
| | Prepared IRS and Illinois 60 day letters for 20⎀⋏ | | | | |

9/6/2016
2 51 PM                                    Pre-bill Worksheet                                    Page      3

Saad 002 Bankruptcy Estate of Asma M  Saad (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 8/29/2016 147940 | A  Lasko 800 | 288 00 | 0 50 | 144 00 | Billable |

sign off of federal and state tax returns and IRS and Illinois 60 day copies
and letters - 201ᒑ

| 9/3/2016 148119 | B  Luo 800 | 91 00 | 1 40 | 127 40 | Billable |

Estimated time to prepare estate's final information tax returns and cover
letter to trustee -201 ᒑ

| 9/3/2016 148120 | K  Seyller 800 | 160 00 | 0 30 | 48 00 | Billable |

Estimated time to review estate's final information tax return and cover
letter to trustee - 201ᒑ

| TOTAL | Billable Fees | | 22 30 | | $2,775 00 |

| Date ID | Timekeeper Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 8/29/2016 147963 | C  Wilson 115 | 12 40 | 1 000 | 12 40 | Billable |

Photocopy costs for 2016 Forms 1041 income tax returns - 124 pages @
$ 10 per pageᒑ

| 8/30/2016 148016 | C  Wilson 105 | 29 65 | 1 000 | 29 65 | Billable |

Postage for 2016 Forms 1041 income tax returns - federal and state and
special procedures federal and state - certified mail, return receipt requested

| TOTAL | Billable Costs | | | | $42 05 |

---

Calculation of Fees and Costs

| | | Amount | Total |
|---|---|---|---|

Fees Bill Arrangement  Slips
By billing value on each slip

Pre-bill Worksheet

Saad 002 Bankruptcy Estate of Asma M  Saad (continued)

|  | Amount | Total |
|---|---|---|
| Total of billable time slips | $2,775 00 | |
| Total of Fees (Time Charges) | | $2,775 00 |
| | | |
| Costs Bill Arrangement  Slips | | |
| By billing value on each slip | | |
| | | |
| Total of billable expense slips | $42 05 | |
| Total of Costs (Expense Charges) | | $42 05 |
| | | |
| Total new charges | | $2,817 05 |
| | | |
| New Balance | | |
| Current | $2,817 05 | |
| | | |
| Total New Balance | | $2,817 05 |

**EXHIBIT D-2**

**BILLING TIME**

9/6/2016
2 51 PM

Pre-bill Worksheet

Page      5

| | |
|---|---|
| Nickname | Saad 012 \| 5023 |
| Full Name | Bankruptcy Estate of Asma M  Saad |
| Address | c/o Zane L  Zielinski, Trustee |
| | 6336 N  Cicero Avenue |
| | Suite 201 |
| | Chicago IL 60646 |

| | | | |
|---|---|---|---|
| Phone | | Fax | |
| Home | | Other | |
| In Ref To | | | |
| | fee petiti | | |
| Fees Arrg | By billing value on each slip | | |
| Expense Arrg | By billing value on each slip | | |
| Tax Profile | Exempt | | |
| Last bill | | | |
| Last charge | 9/6/2016 | | |
| Last payment | | Amount | $0 00 |

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 9/6/2016 148143 | C  Wilson 800 | 64 00 | 1 00 | 64 00 | Billable |
| | Prepared fee petition | | | | |
| 9/6/2016 148150 | A  Lasko 800 | 288 00 | 0 20 | 57 60 | Billable |
| | Prepared fee petition | | | | |
| TOTAL | Billable Fees | | 1 20 | | $121 60 |

Total of billable expense slips                                    $0 00

---

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| Fees Bill Arrangement  Slips By billing value on each slip | | |
| Total of billable time slips | $121 60 | |
| Total of Fees (Time Charges) | | $121 60 |
| Total of Costs (Expense Charges) | | $0 00 |
| Total new charges | | $121 60 |

9/6/2016
2 51 PM

Pre-bill Worksheet

Page      6

Saad 012 Bankruptcy Estate of Asma M  Saad (continued)

|  | Amount | Total |
|---|---|---|
| New Balance |  |  |
| Current | $121 60 |  |
| Total New Balance |  | $121 60 |